# United States District Court
# Northern District of Indiana

| | |
|---|---|
| SHANDONN M. SHEPHERD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:08-CV-605 JVB |
| v. | ) |
| | ) |
| TREVOR WENDZOKA, | ) |
| and JEFF BURTON, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Shandonn M. Shepherd, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (quotation marks omitted).

Shepherd alleges that Trevor Wendzoka libeled his character, ruined his reputation, and exposed him to a serious risk of injury by releasing his photograph to the media as the person who was sought for questioning in a murder case. Claims for slander or defamation are not actionable under § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ("[W]e hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law.") Therefore Shepherd does not state a claim against Wendzoka.

Shepherd alleges that Jeff Burton ruined his reputation and caused him to be shot by publishing his photograph in the newspaper. Jeff Burton is a newspaper reporter and was not acting under color of state law when he printed Shepherd's photograph. Therefore he does not state a claim against Burton either.

Because the complaint does not state a claim, it is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on January 20, 2009.

  s/Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United State District Judge
Hammond Division